991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Heber S. JACOBSEN, an individual, Plaintiff-Appellee,
v.
NATIONAL BANK OF COMMERCE, a national banking association,
Defendant-Appellant,
W.C. Jenne, Jr., an individual, S & W Construction Company
of Tennessee, a Tennessee corporation, Defendants.
 No. 92-4012.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 Before KELLY and SETH, Circuit Judges, and ALLEY, District Judge.*
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 Appellant National Bank of Commerce appeals an order of the District Court for the District of Utah granting the motion for summary judgment of Appellee Heber S. Jacobsen. The district court held that Appellant Bank assumed the obligations owed to Appellee under a real estate contract. We affirm.
 
 
 2
 Appellant raises two issues on appeal: whether the Assignment of Contract unambiguously transferred to Appellant the obligations owed by W.C. Jenne, the assignor, to Appellee; and whether the Assignment of Contract violated the Utah statute of frauds.
 
 
 3
 On April 2, 1982, Appellee sold a piece of real property to Mr. Jenne. Under the terms of the real estate contract, Mr. Jenne agreed to pay monthly installments to an escrow agent.
 
 
 4
 On May 27, 1983, Mr. Jenne executed an Assignment of Contract in favor of Appellant. Although Appellant did not sign the Assignment of Contract, it was recorded and a copy of the recorded document was sent to Appellant and kept in its files.
 
 
 5
 Appellant argues that it did not intend to assume the obligations under the real estate contract, and because the Assignment of Contract was not signed by Appellant and the amount of indebtedness was not disclosed, the Assignment is ambiguous and does not reflect an intention to assume the obligations. Appellant contends that while it did accept the Assignment of Contract insofar as it transferred all of the right, title and interest of Mr. Jenne in and to the property, it did not assume any liability.
 
 
 6
 The district court found that the Assignment of Contract was unambiguous and that there was no statute of frauds problem, and granted Appellee's motion for summary judgment. We agree.
 
 
 7
 The Utah Supreme Court sets forth the following guidelines for contract interpretation:
 
 
 8
 "An assignment is interpreted according to the rules of contract construction. In interpreting a contract, the intentions of the parties are controlling. If the contract is in writing and the language is not ambiguous, the intention of the parties must be determined from the words of the agreement."
 
 
 9
 Winegar v. Froerer Corp., 813 P.2d 104, 108 (Utah) (citations omitted). The language of the Assignment of Contract is unambiguous. Under the Assignment, Appellant "will duly keep, observe and perform all of the terms, conditions and provisions of the said agreement [the real estate contract] that are to be kept, observed and performed by the assignors." The document as a whole indicates that under the terms of the Assignment of Contract, Appellant will assume the obligations of Mr. Jenne under the real estate contract.
 
 
 10
 If Appellant accepted the Assignment, it accepted both the assignment of the benefits and the delegation of the duties. Although Appellant did not sign the document, the facts indicate that Appellant nonetheless accepted the Assignment of Contract. Appellant admits that it accepted the assignment of the benefits. Further, it made payments for nine years, kept a copy of the recorded document in its files, and sent a letter confirming its assumption of the obligations. Our evaluation of the letter of confirmation does not violate the parol evidence rule since we are not reviewing the evidence to interpret the Assignment of Contract, but to determine whether Appellant accepted the document. These facts persuade us that Appellant accepted the Assignment of Contract which unambiguously included a delegation of duties.
 
 
 11
 The real estate contract, which was referred to in the Assignment of Contract, established the amount of indebtedness, and thus the absence of such figures in the Assignment itself is not fatal.
 
 
 12
 We further find that the letter from Appellant's attorney confirming Appellant's assumption of liabilities satisfies the statute of frauds. See Machan Hampshire v. Western Real Estate, 779 P.2d 230, 234 (Utah App.).
 
 
 13
 Accordingly, the order of the District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3